# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP MONTELEPRE | CIVIL ACTION |
| VERSUS | NO: 08-3857 |
| GREATER NEW ORLEANS EXPRESSWAY COMMISSION, ET. AL. | SECTION: "C" (3) |

## ORDER AND REASONS

Before the Court is defendant Greater New Orleans Expressway Commission's ("GNOEC") Motion for Judgment on the Pleadings under Fed. R. Civ. Proc. 12(c). (Rec. Doc. 9.) Plaintiff opposes (Rec. Doc. 17.) This matter was taken under advisement without oral argument. Based on the memoranda by parties, the record in this case, and the applicable law, the Court GRANTS defendant's motion for the following reasons.

The standard for a Rule 12(c) motion is the same as under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Whitter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir.2002). This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5thCir.1993).

In this case, plaintiff alleges violations of his First and Fourteenth Amendment rights. He

claims defendants violated his constitutional right to be free from double jeopardy [1] in violation of 42 U.S.C. §§1983 and 1988. Plaintiff alleges that he was issued two tickets for conduct that plaintiff alleges was continuous, unbroken and which alleged violation of the same state statute prohibiting speeding. (Rec. Doc. 1.) Exhibit A to defendant's answer establishes that one of the tickets was dismissed in July 2008. (Rec. Doc. 8-2.)

"There are two essential elements to a § 1983 claim: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Berthelot v. Boh Brothers Const. Co., L.L.C.,* 2006 WL 2256995, 10(E.D.La. 2006)(Duval, J.)(*citing Parratt v. Taylor*, 451 U.S. 527, 535, 1010 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

As an initial matter, plaintiff fails to state any facts whatsoever to support his conclusory and single invocation of the First Amendment on page one of his complaint. (Rec. Doc. 1 at 1.) Accordingly, this aspect of his §1983 claim must be dismissed.

As to his second claim, there is no set of facts that would support plaintiff's allegations of double jeopardy given the record in this case. Jeopardy attaches when either a) a jury is sworn; b) in a non-jury trial, when the judge begins to hear evidence; or c) in the context of a plea-bargain, with the acceptance of a guilty plea. *Fransaw v. Lynaugh*, 810 F.2d 518, 523-524 (5th Cir. 1987)(summarizing double jeopardy jurisprudence.) According to defendant's Exhibit A, none of these three situations occurred in plaintiff's case and therefore jeopardy never attached to plaintiff's now-dismissed traffic citation. (See Rec. Doc. 8-2). Therefore, plaintiff's claims under 42 U.S.C.

---

[1] The prohibition against double jeopardy applies to the states through the Fourteenth Amendment to the U.S. Constitution. *Benton v. Maryland*, 395 U.S. 784, 794 (1969.)

§§ 1983 and 1988 based on violation of his Fourteenth Amendment rights due to double jeopardy must be dismissed.

**IT IS ORDERED that defendant's Motion for Judgment on the Pleadings (Rec. Doc. 9) is hereby GRANTED and that plaintiff's complaint be and is hereby DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 21st day of April, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**