# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP MONTELEPRE | CIVIL ACTION |
| VERSUS | NO: 08-3857 |
| GREATER NEW ORLEANS EXPRESSWAY COMMISSION, ET. AL. | SECTION: "C" (3) |

## ORDER AND REASONS

Before the Court is defendant Greater New Orleans Expressway Commission's ("GNOEC") Motion for Attorney's Fees and Costs. (Rec. Doc. 20.) Plaintiff opposes (Rec. Doc. 22.) This matter was taken under advisement without oral argument. Based on the memoranda by parties, the record in this case, and the applicable law, the Court GRANTS defendant's motion for the following reasons and REFERS the issue of the amounts of reasonable attorney's fees and costs to Magistrate Judge Knowles.

Under § 1988 a prevailing plaintiff is presumptively entitled to reasonable attorney's fees in all but special circumstances, but a prevailing defendant may recover fees only if the court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Dean v. Riser*, 240 F.3d 505, 508 (5th Cir.2001)(noting that attorney's fees for prevailing defendants are presumptively unavailable unless the underlying civil rights claim was "vexatious, frivolous, or otherwise without merit.") "The fact that a plaintiff may ultimately lose his case is not in itself a

sufficient justification for the assessment of fees. The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5 (1980).

In this case, plaintiff alleged violations of his First[1] and Fourteenth Amendment rights. He claims defendants violated his constitutional right to be free from double jeopardy [2] in violation of 42 U.S.C. §§1983 and 1988. Plaintiff alleged that he was issued two tickets for conduct that plaintiff claimed was continuous, unbroken and which alleged violation of the same state statute prohibiting speeding. (Rec. Doc. 1.) However, the law is clear that at the time of filing suit, jeopardy had not yet attached for the two tickets and plaintiff's suit was premature. Jeopardy attaches when either a) a jury is sworn; b) in a non-jury trial, when the judge begins to hear evidence; or c) in the context of a plea-bargain, with the acceptance of a guilty plea. *Fransaw v. Lynaugh*, 810 F.2d 518, 523-524 (5th Cir. 1987)(summarizing double jeopardy jurisprudence.) In addition, the record in this case indicates that one of the two tickets in this case was dismissed on July 1, 2008, the same day that plaintiff filed suit in this Court. (Rec. Doc. 8-2 at 1; Rec. Doc. 1.) Despite a paucity of legal and factual support for his claim of double jeopardy, plaintiff nevertheless opposed the Motion for Judgment on the Pleadings.[3] Accordingly, the Court finds plaintiff's suit to be frivolous and without foundation.

IT IS ORDERED that defendant Greater New Orleans Expressway Commission's Motion

---

[1] Plaintiff claims in his opposition to the present motion that the inclusion of the First Amendment was a typographical error. (Rec. Doc. 22.)

[2] The prohibition against double jeopardy applies to the states through the Fourteenth Amendment to the U.S. Constitution. *Benton v. Maryland*, 395 U.S. 784, 794 (1969.)

[3] The Court notes that plaintiff argues he still sought to enjoin the alleged policy and practice of two citations for allegedly continuous conduct. (Rec. Doc. 22.) Without commenting on the substance of plaintiff's claim, the Court notes that there are a variety of avenues to achieve plaintiff's stated goal, including amending his complaint or voluntary dismissal of his complaint and seeking relief in state courts or through political action.

2

for Attorney's Fees and Costs (Rec. Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that the issue of the amounts of reasonable attorney's fees and costs shall be REFERRED to Magistrate Judge Knowles for determination upon consent, or for Findings and Recommendation.

New Orleans, Louisiana, this 20th day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**