UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILIP MONTELEPRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3857** |
| **GREATER NEW ORLEANS EXPRESSWAY COMMISSION, ET AL.** | **SECTION "C"(3)** |

### REPORT AND RECOMMENDATION
### REGARDING QUANTUM OF ATTORNEY's FEES

On July 20, 2009, the District Judge granted the Motion for Attorney's Fees and Costs [Doc. #20] filed by defendant Greater New Orleans Expressway Commission. *See* Order dated July 20, 2009 [Doc. #27]. The District Judge referred the determination of the amount of reasonable attorneys' fees to the undersigned Magistrate Judge. *Id.* at p. 3. For the reasons set forth below, IT IS RECOMMENDED that defendant's Motion to Assess Attorney's Fees and Costs [Doc. #28] be GRANTED and that order and judgment issue awarding attorneys' fees in favor of defendant Greater New Orleans Expressway Commission and against plaintiff Philip Montelepre in the full amount of **$7,964.50**.

**I.   BACKGROUND**

On November 13, 2007, the Causeway Police Department issued two citations to plaintiff Philip Montelepre for speeding on the Lake Pontchartrain Causeway Bridge. One citation issued for speeding in St. Tammany Parish, and the other issued for speeding in Jefferson Parish. On July 1, 2008, plaintiff filed the above-captioned suit under 42 U.S.C. §§ 1983 and 1988 against Greater

1

New Orleans Expressway Commission ("GNOEC") and others. Plaintiff alleged violations of his rights under the First and Fourteenth Amendments. Specifically, plaintiff alleged a violation of the Double Jeopardy Clauses of the United States and Louisiana Constitutions in that GNOEC's issuance of both citations constituted double jeopardy because the citations (1) issued for a continuous, unbroken line of conduct, (2) alleged a violation of the same state statute, and (3) required the same evidence to prove the offenses. Plaintiff sought damages, injunctive relief, declaratory relief, and attorneys' fees.

GNOEC answered plaintiff's complaint and filed a motion for judgment on the pleadings. The District Judge granted the motion on April 22, 2009. *See* Order dated April 21, 2009 [Doc. #18]. The District Judge determined that "plaintiff fail[ed] to state any facts whatsoever to support his conclusory and single invocation of the First Amendment on page one of his complaint." *Id.* at p. 2. The District Judge also held that "there is no set of facts that would support plaintiff's allegations of double jeopardy given the record in this case." *Id.* After dismissal of plaintiff's suit, GNOEC then filed its Motion for Attorney's Fees and Costs, which the District Judge granted, specifically finding that plaintiff's suit was frivolous. *See* Order dated July 20, 2009 [Doc. #27 at p. 2].

## II.     PARTIES' POSITIONS

*Defendant's Application*

Addressing the twelve factors enunciated by the United States Court of Appeals for the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), GNOEC argues

that the application of these factors supports an attorneys' fee award in the amount of $7,964.50.[1] Specifically, GNOEC relies on (1) the time and labor required, (5) the customary fee, and (8) the amount involved and the results obtained.

GNOEC notes that its counsel expended approximately 70 hours in its defense, responding to plaintiff's complaint, researching the applicable law under the United States and Louisiana Constitutions and 42 U.S.C. §§ 1983 and 1988, drafting the motion for judgment on the pleadings and the motion for attorneys' fees and costs and opposing plaintiff's opposition to their motion for attorneys' fees and costs. GNOEC attaches as an exhibit to its motion a billing statement that itemizes the services rendered, the rate charged and the time spent to defend against plaintiff's claims.

Citing case law from this judicial district, GNOEC also argues that the hourly rates charged by the two lead counsel who defended this lawsuit are reasonable and commensurate with the market rate in this judicial district. Mr. Kyle Kirsch, a director with nearly ten years of experience, bills at $150/hour. Mr. Jason Thrower, an associate with nearly three years of experience, bills at $100/hour. Paralegals at the firm bill at $45/hour. GNOEC further asserts that the result obtained here – dismissal on a motion for judgment on the pleadings – justifies a fully compensatory fee.

*Plaintiff's Opposition*

Plaintiff argues that this Court should not have awarded attorneys' fees to GNOEC and that

---

[1] The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

3

his claims were not frivolous. Plaintiff argues that special circumstances exist that render such an award unjust. According to plaintiff, one special circumstance exists because the Louisiana Supreme Court struck down as unconstitutional Louisiana Revised Statute § 32:57(G), which – by assessing a five-dollar penalty with every citation to pay its police officers and to maintain its police equipment – created a "deleterious incentive" for GNOEC police officers to issue speeding citations. Another special circumstance – according to plaintiff – is the comparable time that he expended on this matter (even though plaintiff spent twice as many hours as defense counsel and billed at double their rate). And the final special circumstance is that plaintiff, to put an end to this litigation, has not appealed the district judge's ruling.

*Defendant's Reply*

In its reply, GNOEC argues that plaintiff's opposition is irrelevant as he wholly fails to challenge the lodestar calculation and the application of the twelve *Johnson* factors. Defendant notes that plaintiff merely challenges the District Judge's grant of the motion for attorneys' fees and the finding that plaintiff's suit was frivolous.

**III. ANALYSIS**

    **A. THE LODESTAR APPROACH**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of*

4

*Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

    **1.**    **Reasonable Hourly Rates**

Turning to the time records compiled and submitted by GNOEC's counsel, this Court has been given no reason to doubt that the hourly rates of $150/Director, $100/Associate, and $45/Paralegal are reasonable given counsel's ability, competence, experience, and skill. As noted, Mr. Kyle Kirsch is a director with nearly ten years of experience. Mr. Jason Thrower is an associate with nearly three years of experience. This Court has recently sanctioned higher hourly rates for

attorneys with similar years of experience. *See, e.g., Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience and $200/hour for partner with 11 years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience and $200/hour for partner with 12 years experience).

Considering the prevailing market rates in the Greater New Orleans area and that plaintiff wholly failed to contest the hourly rates here, the Court finds that the aforesaid hourly rates are within the low end of the range of the market rate in this area and that said rates are reasonable.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that defense counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of GNOEC's counsel and finds the hours expended by counsel to be reasonable. The billing statement reflects

that GNOEC's counsel drafted an answer and affirmative defenses, drafted a successful motion for judgment on the pleadings, drafted a reply memorandum in support thereof, and reviewed plaintiff's multiple filings and this Court's orders. The billing statement demonstrates that plaintiff's counsel researched the law under Section 1983 and the Double Jeopardy Clause of the Constitution. Moreover, the statement reflects that the attorneys drafted the motion for attorney's fees, the memorandum in support thereof, and the respective reply memorandum. Although plaintiff does not challenge whether defense counsel exercised its "billing judgment," the Court's review of the billing statement satisfies it that defense counsel did so. Accordingly, the Court finds that GNOEC's defense counsel are entitled to an attorney fee award of $7,964.50.

### 3. The *Johnson* Factors

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Here, however, while counsel for GNOEC has cited the *Johnson* factors, they do not seek

an upward adjustment. Neither does plaintiff seek a downward adjustment. Accordingly, the Court finds that no upward or downward adjustment is warranted here.

### 4. Remaining Arguments

As noted above, in his opposition, plaintiff challenges the District Court's grant of GNOEC's Motion for Attorney's Fees and Costs and the finding there that plaintiff's suit was frivolous. In fact, it appears that plaintiff actually *appeals* the District Court's findings to this Court. But this Court has no authority to alter or to amend the findings of the District Court. The District Court specifically found that plaintiff's claims against GNOEC were frivolous and that GNOEC was entitled to attorneys' fees. This Court must only determine *the amount* of reasonable attorneys' fees to be awarded to GNOEC, and that it has done.

## RECOMMENDATION

Accordingly and for all of the above and foregoing reasons,

**IT IS RECOMMENDED** that defendants's Motion for Attorney's Fees and Costs be GRANTED in the full amount of **$7,964.50**.[2]

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[2] While GNOEC styled its motion in the district court "Motion for Attorney's Fees and Costs," and its motion here as "Motion to Assess Attorney's Fees and Costs," it has failed to move for a specific amount of costs. While the Court notices on the billing statement attached to the motion that disbursements in this suit totaled $263.86, the Court is unclear whether these are the costs that GNOEC seeks. Moreover, the Court is unwilling to award costs with no briefing as to whether GNOEC is entitled to each cost that it claims. Accordingly, this Report and Recommendation awards no costs to GNOEC.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23rd day of September, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**